UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Alfredo R.I., <br><br>    Petitioner, <br><br>v. <br><br>Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*, <br><br>    Respondents. | Civil No. 26-619 (DWF/DLM) <br><br><br>MEMORANDUM <br>OPINION AND ORDER |

INTRODUCTION

This matter is before the Court on Petitioner Alfredo R.I.'s petition for a writ of habeas corpus (the "Petition"). (Doc. No. 1.) Respondents filed a response seeking dismissal or transfer to the Western District of Texas. (Doc. No. 6.) For the reasons set forth below, the Court denies the motion to dismiss or transfer and grants the Petition.

BACKGROUND

Petitioner is a citizen of Mexico and has resided in Plymouth, Minnesota since December 2006. (Doc. No. 1 at 4.) Petitioner has a visa to work in the United States and is in the process of obtaining a U Visa. (*Id.*) Petitioner does not have a final order or removal. (*Id.*)

On January 15, 2026, Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") agents while at work. (*Id.* at 5.) ICE agents arrested Petitioner without a warrant. (*Id.*) Petitioner was initially detained in Minnesota, then transferred to Texas, and is now being transferred again to Minnesota, although his current whereabouts are unknown. (*Id.* at 7; Doc. No. 8-1 at 1.) Petitioner's counsel has been unable to reach him to verify his location. (*See* Doc. No. 1 at 7.)

Petitioner filed the Petition on January 24, 2026. (*Id.*) He asserts that his detention is unlawful under the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act. (*Id.* at 11-14.) He requests that the Court order his return to Minnesota and subsequent release, or alternatively, that the Court require Respondents to hold a bond hearing under 8 U.S.C. § 1226(a). (*Id.* at 16-17.) Respondents filed a response seeking dismissal or transfer of the Petition to the Western District of Texas. (Doc. No. 6.)

## DISCUSSION

**I.      Motion to Dismiss or Transfer**

As a threshold matter, Respondents challenge the Court's jurisdiction over this case, requesting dismissal or transfer. (Doc. No. 6.) Generally, jurisdiction over a habeas petition lies only in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). There are a couple of exceptions to this general rule. First, a district court is not stripped of jurisdiction if the Government moves the petitioner after they properly filed their petition in that district. *Id.* at 441. Second, the general rule is inapplicable when "there is an indication that the Government's purpose in removing a prisoner [was] to

make it difficult for his lawyer to know where the habeas petition should be filed, or where the Government was not forthcoming with respect to the identity of the custodian and the place of detention." *Id.* at 454 (Kennedy, J., concurring); *see also id.* at 450 n.18 (majority opinion) ("When . . . a prisoner is held in an undisclosed location by an unknown custodian, it is impossible to apply the immediate custodian and district of confinement rules."); *Aleksander B. v. Trump*, No. 26-cv-170, 2026 WL 172435, at *2 (D. Minn. Jan. 22, 2026) (collecting cases that recognized this exception).

Here, Petitioner's current location is unknown. Although he was in Texas at the time of filing, it appears he is being moved again. Consequently, the Court does not know Petitioner's immediate custodian and cannot apply the district of confinement rule on jurisdiction. Respondents' motion is denied.

## II.     Merits of the Petition

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). That authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020). The burden is on the petitioner to prove illegal detention by a preponderance of the evidence. *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents do not assert a justification for Petitioner's detention. (*See* Doc. No. 6.) The Due Process Clause of the Fifth Amendment provides that no person shall be deprived of life, liberty, or property without due process of law. U.S. Const. amend. V.

Freedom from physical detention by the government is "the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). Civil detention violates the Due Process Clause unless there is a "special justification" that "outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (citation modified). Without special justification, Respondents' continued detention of Petitioner violates the Due Process Clause.

Petitioner assumed that Respondents would assert authority under 8 U.S.C. § 1225(b)(2)(A). (*See* Doc. No. 1 at 10.) Even if they had, his detention would still be unlawful. As this Court has explained on multiple occasions, the claim that § 1225 requires mandatory detention of people in Petitioner's position contradicts the plain language of the statute. *See Jose L.M.S. v. Bondi*, No. 26-cv-474, 2026 WL 185066, at *2 (D. Minn. Jan. 25, 2026); *Omar E.F.G. v. Bondi*, No. 26-cv-451, 2026 WL 184571, at *2 (D. Minn. Jan. 23, 2026); *Victor S.M. v. Noem*, No. 26-cv-400, 2026 WL 161445, at *2 (D. Minn. Jan. 21, 2026). Section 1225 applies to "applicants for admission"— noncitizens who are either "present in the United States who ha[ve] not been admitted or who arrive[] in the United States." 8 U.S.C. § 1225(a)(1). Section 1226 applies where § 1225 is inapplicable and provides immigration judges with the discretion to grant release on bond to noncitizens subject to removal proceedings. *See id.* § 1226(a).

Here, Petitioner is not an arriving noncitizen because he has been in the United States for twenty years, is authorized to work in this country, and has a pending U Visa application. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (noting that § 1226(a) applies to "certain aliens already in the country"). Petitioner would therefore be subject

to the discretionary bond provisions of § 1226(a), not the mandatory bond provisions of § 1225(b)(2). A detainee being held pursuant to § 1226(a) must have been served an arrest warrant prior to detainment. 8 U.S.C. § 1226(a); *see also Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases). There is no evidence that Respondents had a warrant to arrest Petitioner. Therefore, Petitioner's release would also be proper on this ground. *See, e.g.*, *Omar E.F.G.*, 2026 WL 184571, at *3.

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

2. The Court **DECLARES** that Petitioner's current detention is unlawful under the Constitution and laws of the United States.

3. Respondents are **ORDERED** to release Petitioner from custody immediately. If Petitioner is not currently detained in Minnesota, Respondents are **ORDERED** to immediately return Petition to Minnesota and then immediately release Petitioner from custody.

4. Within three (3) days of the date of this Order, the Government shall provide the Court with a status update confirming Petitioner's release.

5. Respondents are directed to release Petitioner with all personal documents and belongings, such as his driver's license, passport, other immigration documents, and cell phone, and without conditions such as ankle monitors or tracking devices.

6. Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

7. Respondents' motion to dismiss or transfer (Doc. No. [6]) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 30, 2026         s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge